IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 07-00133 HG-01 |
| | ) | Civ. No. 16-cv-00080 HG-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| WILLIAM P. JOSIAH, JR., | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT WILLIAM P. JOSIAH, JR.'S MOTION FOR RELEASE ON BAIL (ECF NO. 45)**

Defendant William P. Josiah, Jr. has filed a Motion for Release on Bail (ECF No. 45) pending the resolution of his claim under 28 U.S.C. § 2255 that his sentence is unconstitutional pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) and Descamps v. United States, 133 S.Ct. 2276 (2013).

As the Court announced at the March 31, 2016 hearing, Defendant's Motion for Release on Bail (ECF No. 45) is **GRANTED**.

Pursuant to the Parties' agreement, Defendant's Section 2255 Motion (ECF No. 44) is **STAYED** pending the United States Supreme Court's decisions in Welch v. United States, No. 15-6418, 136 S.Ct. 790 (2016) and Mathis v. United States, No. 15-6092, 136 S.Ct. 894 (2016).

**BACKGROUND**

On March 15, 2007, Defendant plead guilty, pursuant to a plea agreement, to the one count in the Indictment of being a convicted felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). (ECF Nos. 13, 33, 34).

Defendant's conviction for being a felon in possession of a firearm was subject to a statutory mandatory maximum of ten years imprisonment. 18 U.S.C. § 924(a)(2). Defendant was subject to sentence enhancement based on the Armed Career Criminal Act.

Pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), a defendant convicted of a firearm offense who has three or more prior convictions for "a violent felony or a serious drug offense or both" is subject to a statutory mandatory minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). Defendant was found to have at least three violent felonies at sentencing.

A violent felony is defined in 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:
>
> (I)   has as an element the use, attempted use, or threatened use of physical force against the

> person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

**The Enumerated Offense Clause:**

The first clause in Section 924(e)(2)(B)(ii) covers "burglary, arson, or extortion, or involves use of explosives." It is called **the Enumerated Offense Clause**.  18 U.S.C. § 924(e)(2)(B)(ii).

**The Residual Clause:**

The second clause in Section 924(e)(2)(B)(ii) covers a prior unenumerated crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Such a crime falls under what is called **the Residual Clause**.  18 U.S.C. § 924(e)(2)(B)(ii).

In his Plea Agreement, Defendant Josiah stipulated that he had previously been convicted in Hawaii state court for eight counts of Burglary in the First Degree in violation of Section 708-810 of the Hawaii Revised Statutes.  (Def.'s Plea Agreement at pp. 7-8, ECF No. 33).  Defendant stipulated that his prior

convictions for Burglary in the First Degree were "violent felonies" as defined by the Armed Career Criminal Act.  (Id.)

At Defendant's sentencing on November 8, 2007, the Court sentenced Defendant to a mandatory minimum fifteen-year term of imprisonment pursuant to the Armed Career Criminal Act.  (Judgment, ECF No. 40).

At the time of Defendant's sentencing, the Court did not examine if Defendant's prior burglary convictions were violent felonies pursuant to **the Enumerated Offense Clause** or **the Residual Clause**.  The Parties had stipulated that Defendant's prior burglary convictions were violent felonies, and the Court accepted their stipulation.  It was unnecessary for the Parties to raise the issue as to which clause of the Armed Career Criminal Act applied, and the Court made no specific finding as to under which clause the violent felonies qualified.

On June 26, 2015, the United States Supreme Court issued its opinion in Johnson v. United States.  The holding in Johnson invalidated **the Residual Clause** in the Armed Career Criminal Act, finding it unconstitutionally vague.  135 S.Ct. at 2557-58.

On February 24, 2016, Defendant filed a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, as a result of the decision in Johnson.  (ECF No. 44).  Defendant also filed his Motion pursuant to the United States Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276

(2013).  <u>Descamps</u>, and subsequent decisions of the Ninth Circuit Court of Appeals, altered the methodology for determining if a prior conviction qualifies as a violent felony under the Armed Career Criminal Act.

Defendant argues that pursuant to <u>Johnson</u> his prior burglary convictions no longer qualify as violent felonies under **the Residual Clause**.  Defendant takes the position that pursuant to <u>Descamps</u>, his prior burglary convictions cannot be seen to qualify as violent felonies under **the Enumerated Offense Clause**.  Defendant asserts he should not have been sentenced pursuant to the Armed Career Criminal Act and he is therefore not subject to the fifteen-year mandatory minimum term of imprisonment.

The first basis of Defendant's argument is that <u>Johnson</u> applies retroactively to cases on collateral review.  The United States Supreme Court has not yet ruled on the question of retroactivity as to the <u>Johnson</u> decision.  On January 8, 2016, the Supreme Court granted certiorari in <u>Welch v. United States</u>, No. 15-6418, 136 S.Ct. 790 (2016).  <u>Welch</u> raises issues of retroactivity and collateral attack based on <u>Johnson</u>.  Oral argument was held in the <u>Welch</u> case on March 30, 2016.

The United States Supreme Court is also reviewing the application of <u>Descamps</u> and the methodology used to determine whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act.  On January 19, 2016, the Supreme

Court granted certiorari in Mathis v. United States, No. 15-6092, 136 S.Ct. 894 (2016).  The Supreme Court is expected to address the methodology issue.  Oral argument is scheduled for April 26, 2016.

The Supreme Court's decisions in Welch and Mathis should provide the District Court with guidance in deciding Defendant's Section 2255 Motion.

Defendant seeks release on bail pending the resolution of his Section 2255 Motion.  (Motion for Release on Bail, ECF No. 45).

## ANALYSIS

**I.  The Court Has Authority to Grant Bail Pending Its Decision on a Section 2255 Motion in Extremely Limited Circumstances**

The Parties agree that the Bail Reform Act does not apply to prisoners seeking post-conviction relief.  United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).

Authority does exist, however, for the proposition that federal district judges do have the inherent power to grant bail pending a decision in a Section 2255 habeas corpus proceeding. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001).  Such power is to be used very sparingly.  Cherek, 767 F.2d at 337.

The Court recognizes that the Ninth Circuit Court of Appeals has yet to address the issue.  See In re Roe, 257 F.3d 1077, 1080

(9th Cir. 2001) (vacating a district court's grant of bail, but declining to address if the district court had the authority to release the prisoner pending resolution of his habeas motion).

All of the other Circuit Courts of Appeals, who have considered the issue, have found that the district court does possess the authority to grant bail pending resolution of a Section 2255 Motion. See Hall v. S.F. Superior Court, 2010 WL 890044, at *2 (N.D. Cal. Mar. 8, 2010) (collecting cases). Another District Judge in this District has ruled that such authority exists. United States v. Lee, Crim. No. 12-00133 JMS-02, 2016 WL 1039046, at *2, (D. Haw. Mar. 15, 2016).

Habeas corpus is an equitable remedy to be administered with flexibility. Schlup v. Delo, 513 U.S. 298, 319 (1995); Harris v. Nelson, 394 U.S. 286, 291 (1969). The United States Court of Appeals for the Second Circuit has found that the federal judge's power to grant bail pending the resolution of a habeas corpus motion is necessary in order to make the habeas remedy effective as law and justice require. Mapp, 241 F.3d at 226.

The Court agrees with the Circuit Courts of Appeals and the majority of District Courts in the Ninth Circuit that have found that District Courts have the authority to grant bail pending a determination of a Section 2255 Motion. See, e.g., Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972); Mapp, 241 F.3d at 226 (2d Cir. 2001); United States v. Smith, 835 F.2d 1048, 1050 (3d

Cir. 1987); United States v. Perkins, 53 Fed. Appx. 667, 669 (4th Cir. 2002); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek, 767 F.2d at 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); United States v. Read-Forbes, 628 Fed. Appx. 621, 622 (10th Cir. 2016) (citing Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981)); Baker v. Sard, 420 F.2d 1342, 1343–44 (D.C. Cir. 1969).

The Court recognizes that the authority to grant bail pending a decision on a Section 2255 Motion is limited and should be exercised sparingly.  Cherek, 767 F.2d at 337; Mapp, 241 F.3d at 226.

## II. Standard for Granting Bail Pending Resolution of a Section 2255 Motion

Courts consider two primary factors in evaluating a request for bail in a habeas corpus proceeding:

(1) a high probability of success on the merits on the habeas motion, and;

(2) exceptional or extraordinary circumstances to support release on bail.

Mett, 41 F.3d at 1282;  Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).

Defendant cited the decision in Mett and the decision in Land v. Deeds, 878 F.2d 318, 318-19 (9th Cir. 1989) for the

8

proposition that the Court should apply the test in the disjunctive.  The <u>Mett</u> and <u>Deeds</u> decisions did not analyze whether the test should be applied conjunctively or disjunctively, but rather found that the prisoners in those cases did not meet either prong of the test.  <u>Mett</u>, 41 F.3d at 1282; <u>Deeds</u>, 878 F.2d at 318.

The cases that have analyzed the test in more detail have determined that the test should be applied in the conjunctive. <u>See</u> <u>Landano</u>, 970 F.2d at 1239; <u>Calley</u>, 496 F.2d at 702; <u>Martin</u>, 801 F.2d at 329.  Both a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail.

The majority of District Courts in the Ninth Circuit have found it appropriate to apply the test conjunctively.  <u>See</u>, <u>e.g.</u>, <u>Lee</u>, Crim. No. 12-00133 JMS-02, 2016 WL 1039046, *3-*4; <u>Hall</u>, 2010 WL 890044, *3.

The Court agrees with the Government that both prongs of the test need be present to warrant release on bail.  (Gov't Opp. at pp. 16-17, ECF No. 52).  Extraordinary circumstances alone would not be sufficient.

Defendant is required to demonstrate both a high probability of success in his habeas motion **and** extraordinary circumstances for granting bail pending resolution of his motion.

9

**A.      High Probability of Success on the Merits**

    **1.     There is a High Probability that Johnson Applies Retroactively**

There is a high probability of success on Defendant's claim that the United States Supreme Court's holding in Johnson applies retroactively.  Two United States Circuit Courts of Appeals have found that Johnson is retroactive to cases on collateral review because it is a new substantive rule.  In re Watkins, 810 F.3d 375, 377 (6th Cir. 2015); Price v. United States, 795 F.3d 731, 734-35 (7th Cir. 2015).

    The United States Supreme Court recently held in Montgomery v. Louisiana, 136 S.Ct. 718, 729 (2016) that a rule is substantive and applies retroactively if it prohibits a certain category of punishment for a class of defendants because of their status.  Id. (discussing Teague v. Lane, 489 U.S. 288 (1989)).

    The holding in Johnson prohibits enhancing sentences of individuals pursuant to **the Residual Clause** of the Armed Career Criminal Act.  The reasoning in the Montgomery decision can be seen to support a similar result in Johnson.

    The Department of Justice has taken the position in Welch that Johnson applies retroactively to cases on collateral review.  See Brief for the United States in Welch v. United States, 2016 WL 537542, at *17 (U.S. Feb. 9, 2016).

**2.   Defendant May Require Resentencing**

If Johnson applies retroactively, there is a high probability that Defendant's sentence would be vacated and he would be resentenced, due to the holdings in Descamps and the Ninth Circuit Court of Appeals' decisions in Rendon v. Holder, 764 F.3d 1077, 1083 (9th Cir. 2014) and Almanza-Arenas v. Lynch, ___ F.3d ___, 2016 WL 766753, at *5 (9th Cir. 2016) (en banc).

On November 13, 2007, Defendant was sentenced pursuant to the Armed Career Criminal Act.  There was no specific finding as to whether Defendant's prior Hawaii burglary convictions qualified as violent felonies under **the Enumerated Offense Clause** or **the Residual Clause**.  The Court and the Parties agreed that Defendant's prior convictions fit under at least one of the clauses based on the methodology derived from Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005).

Following Defendant's sentencing in 2007, the United States Supreme Court and the Ninth Circuit Court of Appeals have altered the methodology used to determine if a prior crime is a violent felony pursuant to the Armed Career Criminal Act.  Descamps, 133 S.Ct. at 2281; Rendon, 764 F.3d at 1086; see United States v. Mayer, __ F.Supp.3d __, 2016 WL 520967, at *6-*8 (D. Or. Feb. 5, 2016).

The Government argues that Defendant stipulated that he was

previously convicted of "violent felonies" and that he should be bound by that stipulation.  The Government argues for the Court to use the methodology that existed in 2007 to determine if Defendant's prior burglaries were violent felonies.

It appears that if the Court were to resentence Defendant today, pursuant to Johnson, the Court would apply the current law as set forth in Descamps and by the Ninth Circuit Court of Appeals in Rendon and Almanza-Arenas.

Resentencing hearings have been held to require application of current law and the Parties are not limited by earlier determinations at prior sentencing hearings.  United States v. Garcia-Guizar, 234 F.3d 483, 490 (9th Cir. 2000); United States v. Eaton, 607 Fed. Appx. 689, 690 (9th Cir. 2015) (citing United States v. Ponce, 51 F.3d 820, 825 (9th Cir. 1995)).  Defendant's 2007 stipulation is not consistent with the current methodology for evaluating violent felonies set forth in Descamps and as interpreted by the Ninth Circuit Court of Appeals.

There is a high probability that Defendant may succeed in his argument that his Burglary in the First Degree convictions do not fit within the violent felony definition of the Armed Career Criminal Act.

**II.  Extraordinary Circumstances to Grant Bail**

Special or extraordinary circumstances are required to

support Defendant's release on bail pending resolution of his Section 2255 Motion.  Here, Defendant may have already served the sentence that he would be given, if granted habeas relief.  Cohn v. Arizona, 2015 WL 4607680, at *2 (D. Ariz. July 31, 2015) (citing Deeds, 878 F.2d at 318; Salerno v. United States, 878 F.2d 317 (9th Cir. 1987); Landano, 970 F.2d at 1239).

If Defendant is not subject to the Armed Career Criminal Act, upon resentencing he faces a statutory maximum sentence of ten years imprisonment.  18 U.S.C. § 924(a)(2).  Defendant has already served the full ten-year term of imprisonment that he would face if he succeeds on his Section 2255 Motion.

Defendant has been in custody since February 23, 2007.  Defendant has received "good time" while serving his sentence in the Federal Bureau of Prisons.

Defendant submitted an e-mail from Timothy A. Rodrigues, Senior Attorney from the Federal Bureau of Prisons, dated March 25, 2016, in support of his Motion for Bail.  (Ex. A, attached to Defendant's Notice of Submission of Supplemental Information, ECF No. 58-1).  The Bureau of Prisons Attorney's e-mail states that "If inmate Josiah's sentence is reduced to ten years, the reduction would result in an already-passed release date of November 12, 2015."  (Id.)

The United States Attorney's Office does not dispute the release date proffered by the Defendant.

13

Defendant has presented an extraordinary situation that supports granting bail as an equitable remedy pending the resolution of his Section 2255 Motion.

The United States Supreme Court is currently considering the <u>Welch</u> and <u>Mathis</u> cases that will likely be dispositive of Defendant's Section 2255 Motion.  It is impossible to know exactly how the Supreme Court will rule, but if the Court waits until the decisions are issued by the Supreme Court, without granting bail, Defendant will likely serve an excessive sentence.

The alternative to granting bail would be to adjudicate Defendant's Section 2255 Motion based on current law.  Doing so would ignore the possibility that the Supreme Court may decide <u>Welch</u> and <u>Mathis</u> in a manner that would result in a denial of Defendant's Section 2255 Motion.  The most appropriate procedure at this time is to allow the Supreme Court to decide these important issues and to grant Defendant's request for bail pending a decision on his Section 2255 Motion.

## **CONCLUSION**

Defendant's Motion for Release on Bail (ECF No. 45) is **GRANTED**.

Defendant shall be subject to conditions of release as set forth in the Minutes of the hearing held on March 31, 2016.

The hearing on Defendant's Section 2255 Motion is **STAYED**

pending decisions by the United States Supreme Court in <u>Welch</u> and <u>Mathis</u>.

    IT IS SO ORDERED.

    DATED:   Honolulu, Hawaii, April 5, 2016.



_____
Helen Gillmor
United States District Judge

<u>William P. Josiah, Jr. v. United States of America</u>, Criminal No. 07-00133 HG-01, Civil No. 16-00080 HG-KSC; **ORDER GRANTING DEFENDANT WILLIAM P. JOSIAH, JR.'S MOTION FOR RELEASE ON BAIL (ECF NO. 45)**