IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,      )   Crim. No. 07-00133 HG-01
                               )   Civ. No. 16-cv-00080 HG-KSC
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )
                               )
WILLIAM P. JOSIAH, JR.,        )
                               )
            Defendant.         )
_____)
```

**ORDER CORRECTING SENTENCE FOR DEFENDANT WILLIAM P. JOSIAH, JR.**

On August 8, 2016, the Court issued an ORDER GRANTING PETITIONER WILLIAM P. JOSIAH, JR.'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING PARTIES TO CONFER REGARDING RE-SENTENCING.  (ECF No. 69).

Both Parties filed statements as to their positions regarding correcting the sentence of Defendant Josiah.

The Court will issue an Amended Judgment correcting Defendant Josiah's sentence to a term of imprisonment of "time served" and a term of supervised release of 3 months.

**PROCEDURAL HISTORY**

On March 15, 2007, Defendant pled guilty, pursuant to a plea agreement, to the one count in the Indictment of being a convicted felon in possession of a firearm or ammunition in

violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  (ECF Nos. 13, 33, 34).

At Defendant's sentencing on November 8, 2007, the Court sentenced Defendant to 180 months imprisonment pursuant to the Armed Career Criminal Act ("ACCA").  (Judgment, ECF No. 40).

On February 24, 2016, Defendant filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 44).

On the same date, Defendant filed a Motion for Release on Bail.  (ECF No. 45).

On March 23, 2016, the Court held a hearing on Defendant's Motion for Release on Bail.  (ECF No. 56).

On March 31, 2016, the Court held a further hearing on Defendant's Motion for Release on Bail.  (ECF No. 60).  The Court granted Defendant's Motion for Release on Bail at the hearing.  (ECF No. 59).

On April 5, 2016, the Court issued a written ORDER GRANTING DEFENDANT WILLIAM P. JOSIAH, JR.'S MOTION FOR RELEASE ON BAIL.  (ECF No. 63).

On July 12, 2016, Defendant filed a MOTION FOR A RULING ON THE MERITS as to his Section 2255 Motion.  (ECF No. 65).

On August 8, 2016, the Court issued an ORDER GRANTING PETITIONER WILLIAM P. JOSIAH, JR.'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING PARTIES

TO CONFER REGARDING RE-SENTENCING.  (ECF No. 69).

The Court held that Defendant Josiah should no longer be classified as an Armed Career Criminal pursuant to the Armed Career Criminal Act as a result of the United States Supreme Court's decisions in <u>Mathis v. United States</u>, 135 S.Ct. 2243 (2016), <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016), and <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2016).  (Order at pp. 1-2, ECF No. 69).

On August 18, 2016, the Parties filed a NOTICE THAT THE PARTIES HAVE NOT REACHED AGREEMENT ABOUT THE SUBSTANCE OF AN AMENDED JUDGMENT.  (ECF No. 71).

On August 30, 2016, Defendant filed DEFENDANT-PETITIONER'S RESENTENCING STATEMENT.  (ECF No. 73).

On September 15, 2016, the Government filed The UNITED STATES OF AMERICA'S MEMORANDUM IN RESPONSE TO DEFENDANT-PETITIONER'S RESENTENCING STATEMENT.  (ECF No. 74).

## **ANALYSIS**

After granting a Section 2255 Motion, the Court "shall vacate and set the judgment aside" and do one of the following:

(1)   discharge the prisoner;

(2)   resentence the prisoner;

(3)   grant the prisoner a new trial; or,

(4)   correct the sentence as may appear appropriate.

United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999) (en banc); 28 U.S.C. § 2255.

The statute gives the Court broad discretion in choosing the proper actions following a successful Section 2255 Motion. United States v. Jones, 114 F.3d 896, 897 (9th Cir. 1997); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997).

The Court's broad and flexible power is derived from the equitable nature of habeas corpus relief.  Handa, 122 F.3d at 691.

The text of Section 2255 provides the District Court with the authority to correct a prisoner's sentence without conducting a formal resentencing hearing.  United States v. Hadden, 475 F.3d 652, 669 (4th Cir. 2007); see United States v. Joseph, 569 Fed. Appx. 861, 864 (11th Cir. 2014) (finding the district court did not err by amending the judgment and declining to hold a resentencing hearing because it was correcting an illegal sentence and not vacating an entire sentencing package).

Defendant Josiah does not request a full resentencing hearing but concedes that the Court need only "issue a new judgment". (Def.'s Re-Sentencing Statement at p. 6, ECF No. 73). Defendant states that he believes that he should be sentenced nunc pro tunc to 33 months imprisonment with no term of supervised release.  (Id.)

The Government agrees that a full resentencing hearing is

4

not necessary, but it disagrees with the Defendant's proposed sentence. (Gov.'t Statement at pp. 2-3, ECF No. 74). The Government argues that a sentence of 33 months would not adequately address the Section 3355(a) factors nor reflect the seriousness of his offense. (Id.)

The Government proposes that the Court sentence Defendant to a sentence of "time served" with term of supervised release of 30 months in order to credit Defendant Josiah with the time that he has been on bail. (Id. at pp. 5, 12).

When imposing a term of imprisonment, the Court must consider a variety of factors. Sentences should provide adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the appropriate correctional treatment of the individual defendant. Consideration must be given to the criminal history category of the defendant, here category VI, and the total offense level relevant to the conviction.

Defendant Josiah acknowledged in his filings that he is subject to a criminal history category of VI, with 16 criminal history points, regardless of the application of the Armed Career Criminal Act. (Defendant-Petitioner's Motion for Release on Bail at p. 6, ECF No. 45). Defendant's significant criminal history includes 12 felony convictions, including eight convictions for Burglary in the First Degree, two convictions for Promoting a

<u>Dangerous Drug in the Third Degree</u>, and convictions for <u>Unauthorized Control of a Propelled Vehicle</u> and <u>Prohibited Acts Related to Drug Paraphernalia</u>.  (Def.'s Presentence Report at pp. 9-16, ECF No. 38).  All of Defendant's felony convictions occurred when Defendant was between the ages of 19 and 39.  (<u>Id.</u>)

In addition, Defendant has convictions for <u>Abuse of Family/Household Member</u>, <u>Promoting a Detrimental Drug in the Third Degree</u>, <u>Assault in the Third Degree</u>, and <u>Criminal Property Damage in the Third Degree</u>, and numerous arrests including thirteen arrests for <u>Contempt of Court</u> and arrests for <u>Robbery in the First and Second Degree</u> and <u>Terroristic Threatening in the First Degree</u>.  (<u>Id.</u> at pp. 15-17).

The records maintained by the Hawaii Paroling Authority indicated that in 1993 an Individual Evaluation Summary was conducted for the Defendant and stated, "In contrast to the typical prison career where behavior improves over time, this inmate seems to be doing worse as time passes."  (<u>Id.</u> at p. 11).

The Court will issue an Amended Judgment correcting Defendant's sentence to "time served."  An Amended Judgment with a "time served" sentence appropriately "corrects" Defendant's original sentence by removing the enhancement he received pursuant to the Armed Career Criminal Act from the original Judgment.  Issuing an Amended Judgment in this manner is consistent with the procedure taken by other district courts

granting Section 2255 Motions pursuant to Johnson v. United States.  United States v. Larry Lee, Cr. No. 12-133JMS-02, 2016 WL 4179292 *2 (D. Haw. Aug. 4, 2016) (collecting cases).

Defendant Josiah's original Judgment stated that he should be on supervised release for a term of five years.  (Judgment at p. 3, ECF No. 40).  Defendant's enhanced sentence pursuant to the Armed Career Criminal Act has been vacated, which has altered the corresponding maximum term of supervised release from five years to three years.  See 18 U.S.C. §§ 3559(a), 3583(b).

Review of the record for the offense for which Defendant was convicted in this instance demonstrates that a term of supervised release is warranted.  On February 13, 2007, Honolulu Police Department officers responded to a report of a suspicious male possibly breaking into vehicles on the third floor of the parking structure of a hotel in the Waikiki area of Honolulu.  Hotel security informed the officers that the male was not a registered guest of the hotel and did not have a vehicle parked at the hotel.  Defendant was the only person seen on the third floor of the parking structure at the time he was stopped by hotel security.  (Def.'s Memorandum of Plea Agreement at p. 4, ECF No. 33).

The Honolulu Police officers checked with their dispatch and arrested Defendant for an outstanding State of Hawaii warrant.  Hotel security informed the officers that they located two

plastic bags, a large paper bag, and a green backpack on the same floor Defendant was seen. The officers asked Defendant if the bags belonged to him, and Defendant responded, "that's not my bags. I didn't have any bags with me." (Id. at pp. 4-5).

The police officers inventoried the bags and found a loaded .45 caliber semi-automatic pistol along with a worn red T-shirt, black shorts, and other clothing. The officers also found small amounts of marijuana and methamphetamine, drug paraphernalia, and a note addressed to "Willy" in the green backpack. (Def.'s Presentence Report at ¶ 14, ECF No. 38). A female who had been seen with the Defendant earlier in the day recognized some of the items recovered by the police officers. (Id. at ¶ 16). She identified herself as the author of the note to "Willy," stating that she wrote it a few days earlier. (Id.)

Two other individuals who had been seen with Defendant stated that they had observed the Defendant with a .45 caliber semi-automatic pistol that was similar to the one recovered by police. (Def.'s Memorandum of Plea Agreement at p. 5, ECF No. 33; Def.'s Presentence Report at ¶ 21, ECF No. 38).

Defendant was searched at the Honolulu Police Department Central Receiving Division and officers recovered from his person four packets of cocaine, three packets of methamphetamine, and one packet containing four tablets of a prescription drug containing escitalopram. (Def.'s Presentence Report at ¶ 17, ECF

No. 38).

Defendant was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Indictment, ECF No. 13).  Defendant pled guilty as charged in the Indictment and he stipulated that he was an "Armed Career Criminal under 18 U.S.C. § 924(e)(1) and must serve a term of imprisonment of at least 15 years."  (Def.'s Memorandum of Plea Agreement at pp. 2, 7, ECF No. 33).

In exchange for Defendant's plea of guilty to Count 1 in the Indictment and the stipulations contained in the Plea Agreement, the Government acknowledged that the State of Hawaii agreed not to prosecute Defendant Josiah for any of the potential charges arising out of his February 13, 2007 arrest, including Honolulu Police Department Report Numbers: 07-061785, 07-061786, 07-61787, 07-061788, 07-061789, 07-061790, 07-062009, and 07-062010.  (Id. at p. 2).

On November 19, 2007, Defendant was sentenced to 180 months incarceration.  (Judgment, ECF No. 37).

Following the Order Granting Defendant's Motion Pursuant to 28 U.S.C. § 2255, the Court finds that Defendant shall be on supervised release for a term of 3 months.

The Defendant has already served more than six months on bail under supervision of the United States Probation Office.  An additional three months of supervision will provide sufficient

additional assistance to the Defendant in acclimating to society. The reduced time from the possible three year term of supervised release addresses the equitable considerations arising from the change required by Johnson v. United States, 135 S.Ct. 2551 (2016).

## CONCLUSION

The Court will issue an Amended Judgment correcting Defendant's sentence to a term of imprisonment of "time served" and a term of supervised release of 3 months.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, October 6, 2016.



_____
Helen Gillmor
United States District Judge

United States of America v. William P. Josiah, Jr., Criminal No. 07-00133 HG-01, Civil No. 16-00080 HG-KSC; **ORDER CORRECTING SENTENCE FOR DEFENDANT WILLIAM P. JOSIAH, JR.**

10